WALTHOFF, Respondent, v. HALL et al., Appellants

(44 N. W.2d 221)

(File No. 9152. Opinion filed October 11, 1950)

**Howard B. Crandall,** Sioux Falls, and **William R. Fletcher,** Rapid City, for Appellant.

**Bottum & Bottum,** Rapid City, for Respondent.

RUDOLPH, J. This is a Workmen's Compensation case. The Industrial Commissioner refused to make an award, and the circuit court reversed. The single question presented is whether the evidence is sufficient to support the findings of the Industrial Commissioner. We believe the evidence sufficient.

Claimant was employed in the kitchen of a restaurant and received her meals as a part of her compensation. Claimant testified that on the evening of December 27 while eating turkey or chicken dressing she swallowed something. We quote from her testimony: "I choked and

I coughed and I strangled, and I told the ladies I had swallowed something. I said it hurt all the way down, and I couldn't raise it. * * * my throat was sore for two days afterward."

Claimant continued working until New Year's Day when she and her husband went to Winner for a visit. On the way back to Rapid City from Winner they were delayed by snow at Kadoka from January 2 to January 8, at which time she returned to her work in the restaurant. On the evening of January 8 she became ill and was taken to a hospital. On January 11 she was operated and there was removed from the small intestine a bone about 1½ inches long and ¼ inch wide, with one sharp end. The doctor who removed the bone testified that he thought it was possible that the bone he removed could have remained in the stomach from December 27 until January 8 without causing trouble. He further testified that an object similar to the bone he removed might cause trouble within 48 hours.

The defendant offered in evidence three bones which were similar in appearance to the bone removed from claimant. The bones so offered and received in evidence were taken from a halibut fish by a local butcher on the morning of the trial. The manager of the restaurant where claimant was employed testified that halibut had never been served in his establishment.

On this evidence the Industrial Commissioner found that the * * * bone removed from claimant's digestive tract was a fish bone and not a chicken or turkey bone", and that the * * * bone was not swallowed into the Claimant's digestive tract while consuming the said food in the course of her employment."

Claimant predicates her right to an award upon the one incident when she was eating trukey or chicken dressing. If the bone claimant swallowed is in fact a bone from a halibut fish, it follows, we believe, that the Industrial Commissioner was not bound to find that claimant swallowed such bone while eating the turkey or chicken dressing in defendant's restaurant. That such finding was not mandatory is especially clear in view of the undisputed testimony that

halibut had never been served in this restaurant. The question presented then is, whether the evidence is sufficient to sustain the finding that the bone claimant swallowed was from a fish.

 The trial court was of the opinion that the evidence was insufficient because no expert testimony was offered to establish that the bone was from a fish. We do not believe that expert testimony was necessary. The necessity for expert testimony arises only where the subject matter of an inquiry is so far removed from the realm of common experience that the ordinary man with all the facts before him cannot be expected to draw a correct inference. 32 C.J. S., Evidence, § 520, p. 217; Wigmore on Evidence, 3rd Ed., Sec. 559. The bone claimant swallowed was in evidence as were the bones from the halibut. The Commissioner as the trier of the facts was empowered to make a comparison. Whether there are persons skilled in comparing bones we are not advised, but even to one not so skilled comparison discloses certain characteristics common to all of the bones in evidence. There is a marked similarity between the bone claimant swallowed and the halibut bones. We do not believe, therefore, that the subject matter under inquiry was such that it required an expert, if such there be, to make the comparison, and from such comparison state his opinion as to whether the bone claimant swallowed was or was not from a halibut.

The judgment appealed from is reversed.

All the Judges concur.